**NORRIS, Admr.,**

v.

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.**

Court of Claims of Ohio.

No. 96–04622.

Decided Dec. 22, 1997.

*Terry H. Gilbert* and *Robert K. Handelman,* for plaintiff.

*Betty D. Montgomery,* Attorney General, *Susan M. Sullivan* and *Eric A. Walker,* Assistant Attorneys General, for defendant.

---

RUSSELL LEACH, Judge.

In her complaint, plaintiff Terrio Norris alleges that defendant fell below acceptable standards of medical care and thereby wrongfully caused the death of her sister, Sybil Norris.

On May 23, 1997, defendant stipulated to liability, agreeing that its actions were the proximate cause of Sybil Norris's death. The case came for trial on November 19, 1997, to determine the nature and extent of the damages directly and proximately caused by defendant's negligence. The findings and conclusions herein are derived from the documents and pleadings in the case file, evidence at trial, and the respective presentations by both parties.

At the time of her death, Norris was an inmate under the custody and control of defendant pursuant to R.C. 5120.16. On August 15, 1995, Norris, a long-term asthmatic, began having great difficulty breathing. Upon arrival at the infirmary, Norris received a breathing treatment to help her regain respiratory function. However, the treatment failed to restore normal breathing. Norris continually notified the nursing staff in the infirmary that the treatment had not helped and that she needed to go to the hospital. Finally, the nursing staff conceded that something was wrong and called the institution's physician. The physician gave the order to transport Norris to a hospital at approximately 9:30 p.m. However, the actual transport did not take place until approximately 2:45 a.m. Before being transported to the hospital, Norris went into cardiac arrest, which was secondary to her asthmatic attack. Norris died at approximately 3:00 a.m. The court finds that Norris endured a great deal of pain and suffering while she sat for five hours in the infirmary waiting to be transported to the hospital. The court hereby orders defendant to pay the estate of Sybil Norris the sum of $150,000 for her pain and suffering.

The court has also considered the claim of survivorship on behalf of Devon and Terrio Norris. At trial, there was an abundance of evidence that Norris was part of a closely knit family. The court finds that Devon and Terrio Norris have and will continue to suffer loss of consortium, society, future services, and companionship. Therefore, the court hereby ORDERS defendant to pay the estate of Sybil Norris the sum of $200,000 for the wrongful death claim.

Judgment is rendered in favor of plaintiff in the amount of $350,000. Court costs are assessed against defendant. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

*Judgment accordingly.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.